UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Chapter 11
In re:                                                                           Case No. 08-23576-ash

LYNN HOMES, INC.                                              **APPLICATION FOR**
dba JWL CONSTRUCTION CO.                              **RETENTION OF**
dba JWL CONSTRUCTION CO., INC.,                    **ELIZABETH A. HAAS**

                          Debtor.
------------------------------------------------------------X

       The application of Lynn Homes, Inc. (the "Debtor") respectfully shows to this Honorable Court and alleges:

       1.    That it is the Debtor herein.

       2.    That on October 29, 2008, your Petitioner filed a petition for relief under Chapter 11 of the Bankruptcy Code.

       3.    That your Petitioner has continued in possession of its assets and the conduct of its business as Debtor-in-possession as a real estate developer.

       4.    That during the administration of this proceeding and pending the consummation of a Plan as may be proposed after conferences with the creditors of this estate, it will be necessary to employ counsel, and your Petitioner desires to employ, Elizabeth A. Haas, Esq., as attorney for the Debtor-in-possession for the rendition of the following professional services:

       (a)  To examine claims filed herein, priority tax claims of the various taxing agencies and executory leases, and to institute the necessary proceedings and objections to said claims in order to establish the validity and the amounts due and also general unsecured creditors' claims, and to conduct negotiations and prepare all requisite documents in connection with adjustments effected and any agreements with respect to the terms, provisions and conditions of the payment of said claims.

(b) To give your Petitioner all legal advice with respect to their power and duties as Debtor-in-possession, in the continued operation of their business and management of their property.

(c) To take the necessary legal steps to enjoin and stay, until final decree herein, pending actions and proceedings or actions or proceedings hereinafter instituted.

(d) To prepare, on behalf of your Petitioner as Debtor-in-possession, necessary petitions, answers, orders, reports, and other legal papers.

(e) To perform all other legal services for your Petitioner, and Debtor-in-possession, which may be necessary or desirable herein, from all of which it is readily apparent that it is necessary for your Petitioner as Debtor-in-possession to employ an attorney for the rendition of such professional services.

(f) To represent your Petitioner in connection with the borrowing of funds and the issuance of orders thereon, as well as the certificates of indebtedness in connections with the renegotiation of existing contracts and in connection with all contracts and agreements by and between the Debtor and all third parties, in connection with the continuation of business the borrowing of funds and in the entering into of new contracts and commitments on the part of your Petitioner.

(g) To examine into the status and merits of all executory contracts and to institute all proceedings to disaffirm and reject all burdensome and disadvantageous contracts to institute proceedings and to determine and fix the liability of the Debtor upon all executory contracts that may be rejected.

(h) To institute proceedings and determine the status, validity and amount due on all disputed claims, particularly with respect to contracts and executory contracts, the validity of which may be subject to questions, or with respect to such contracts as may be burdensome and rejected by your petitioner.

5. That your Petitioner has received no suggestions or recommendation from any one as to the retention of counsel.

6. That no Official Creditors' Committee has been appointed herein.

7. That to the best of your Petitioner's knowledge, Elizabeth A. Haas, Esq. has not been, and is not now, connected with any party to the proceeding or their respective attorneys, nor any creditors herein.

8. That your Petitioner believes Elizabeth A. Haas, Esq. does not have any interest adverse to your Petitioner, as Debtor-in-possession, or to this estate.

9. That your Petitioner has selected Elizabeth A. Haas, Esq., because of her experience in the administration of arrangements proceedings and her appointment as attorneys for the Debtor-in-possession has not been suggested by any party.

**WHEREFORE**, Petitioner prays for the entry of the annexed Order for which no previous application has been made.

Dated:   New City, New York
         October 24, 2008

                                          LYNN HOMES, INC.

                                          /s/John W. Lynn
                                          JOHN W. LYNN, President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:  Chapter 11
 Case No. 08-23576-ash
LYNN HOMES, INC.
dba JWL CONSTRUCTION CO.  **AFFIDAVIT**
dba JWL CONSTRUCTION CO., INC.,

                                                Debtor.
------------------------------------------------------------X
STATE OF NEW YORK )
 ) SS.:
COUNTY OF ROCKLAND )

      Elizabeth A. Haas, being duly sworn, deposes and says:

      1. That she is an attorney-at-law, duly licensed to practice in the Courts of the State of New York and this Court, with an office for the practice of law at 254 So. Main Street, New City, New York 10956-3340.

      2. To the best of her knowledge, Elizabeth A. Haas, Esq., has had no business, professional or other connection during one (1) year prior and up to the date hereof, with the Debtor, creditors, any party in interest or his attorneys or accountants, the U.S. Trustee or any person employed in the Office of the U.S. Trustee. Elizabeth A. Haas, Esq. does not represent any of the creditors of the Debtor as verified bya review of office records and files.

      3. That Elizabeth A. Haas, Esq. represents no interests adverse to the Debtor-in-possession or to the estate in the matters upon which she is to be engaged. She is a disinterested person within the meaning of 11 U.S.C. § 327, and her employment will be to the best interest of this estate.

4. That prior to the filing of the Debtor's petition, the Debtor has paid the retainer fee to Elizabeth A. Haas, Esq. in the amount of $10,000.00, as well as the filing fee of $1,039.00.

5. That said retainer is to be reduced by the amount of the hourly legal services rendered to the Debtor in this matter at the following hourly rates: Professional time will be billed at $350.00 per hour and Paralegal time will be billed at $90.00 to $125.00 per hour. Expenses will be billed at the actual charge incurred and will not include an amortization of the costs of any investment, equipment or capital outlays.

/s/Elizabeth A. Haas
ELIZABETH A. HAAS

Sworn to before me this
7th day of November, 2008

/s/Leah M. Tosh
NOTARY PUBLIC
LEAH M. TOSH
No. 30-4721207
Ex. April 30, 2010